# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00804-CR

**Cornelio Garcia-Mata, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT**
**NO. CR2012-205, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found Cornelio Garcia-Mata guilty of driving while intoxicated, and further found that he had at least two prior DWI convictions and that he used a deadly weapon in committing the offense. The jury assessed sentence at life in prison. Appellant contends that the trial court erred by excluding two videotapes, one showing that, contrary to the arresting officers' testimony, appellant hit his head getting into the police car, and the other showing that appellant had difficulty with the English language. Appellant contends that the exclusion of this evidence prevented him from impeaching the officers on their lack of memory that he hit his head. He also asserts that the exclusion of evidence prevented him from supporting his contention that he did not understand the officers, which would have rebutted or explained the officers' testimony that he failed to comply with their instructions on the field sobriety tests. He contends that these limitations impinged on his Sixth Amendment right to confront witnesses. *See* U.S. Const. amend. VI. We will affirm the judgment of conviction.

The State contends that appellant did not present these particular arguments to the trial court when offering the evidence and thereby waived them. The State also contends that the evidence is improper impeachment on a collateral matter. Finally, the State argues that any error in the admission of the evidence is harmless.

Exclusion of evidence presents reversible error only when it is harmful—even when the exclusion may touch on constitutional rights. *See* Tex. R. App. P. 44.2; *see also Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007) (non-constitutional error); *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (constitutional error). We must reverse for errors of constitutional dimension unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a).

Even assuming solely for the sake of discussion that appellant preserved the error, that the trial court erred by excluding the evidence, and that the exclusion affected his constitutional rights, we find no harmful error under any applicable standard. Eyewitnesses testified about appellant's erratic and dangerous driving. He drove inconsistent speeds, often much slower than the ambient speed, and drifted across lanes of traffic on Interstate 35. Witnesses testified that many drivers had to swerve to avoid hitting or being sideswiped by his slower-moving vehicle. They feared that a large pileup was imminent. A police officer testified about his personal observation of appellant drifting across and back on the access road. The officer testified regarding the strong odor of alcohol emitted from the vehicle, appellant's bloodshot and glassy eyes, appellant's difficulty in turning off the vehicle and producing a driver's license, appellant's unsteadiness in standing outside the truck, appellant's apparent urination on himself before and during the stop, and a fellow officer's discovery of two open, cool-to-the-touch, nearly empty 24-ounce cans of beer inside the truck.

2

Through an interpreter, appellant testified regarding his difficulties understanding the officers, his unfamiliarity with the manual transmission in the vehicle he was driving, and a medical condition that might have caused uncontrollable urination. He also admitted he was driving on the public roads and that he thought he might have been intoxicated because he was "quite drunk" the day before, might still have had some alcohol in his system when he got up, had not eaten, and had consumed two more beers. His blood-alcohol concentration as tested at the hospital after his arrest registered .446 grams of alcohol per 100 milliliters of blood—more than 5.5 times greater than the legal limit. *See* Tex. Penal Code § 49.01. Even if the excluded video evidence showed that he had trouble with English and that, contrary to police testimony, appellant hit his head on the roof of the police car, it would not have added evidence of any counterweight on the elements of the offense.

We conclude beyond a reasonable doubt that any error in excluding the evidence did not contribute to appellant's conviction or punishment. Any error in excluding evidence did not otherwise affect his substantial rights. We affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 6, 2014

Do Not Publish

3